FREDERICK R. PADDOCK ET AL. *v.* JULIA D. SHIELDS ET AL.

1. PARTITION. *Chancery jurisdiction. Unequal shares.*
   The jurisdiction of the Chancery Court to make partition in cases of co-tenancy results from its original powers, and not from the statute; and partition can be made although the shares are unequal.

2. SAME. *Statutory mode. When applicable.*
   The provisions of the Code of 1871 are applicable only where the shares are equal, and no circumstance exists which requires a different method in order to secure the equitable right of one interested in the property.

3. SAME. *Sale for division of proceeds. When ordered.*
   The power to order a sale for partition is neither of common law nor equitable origin, but is purely statutory, and can be exercised only in the cases provided by statute. Code 1871, § 1829; Acts 1875, p. 119.

4. SAME. *Rights of co-tenants. Others' shares.*
   A co-tenant has an absolute right to have his share set off, but no power to force the other joint owners to separate theirs, if they prefer to hold in common.

5. SAME. *Unequal shares. Mode of division.*
   If several claim, from a common source, interests equal among themselves, but unequal as compared with other co-tenants, their interests may be set off together, and then divided among them by ballot.

6. SAME. *Allotment by ballot. When departed from.*
   The statutory method of partition by ballot is to be pursued in all cases where it is applicable, but is not exclusive, and may be departed from whenever necessary.

7. SAME. *Infants. Election.*
   The share of a deceased co-tenant may be set off *in solido* to his widow and his heirs, when the latter are minors, and incompetent to elect to divide their interests.

8. SAME.  *Improvements by a co-tenant.*

A co-tenant, who has improved part of the common property, is entitled to the improved part, or, if that will injure the other co-tenants, to have compensation in money.

9. SAME.  *Vendee of interest in a co-tenant's share.*

If practicable and consistent with the rights of the other joint-owners, partition will be so made as to protect a co-tenant's alienee of an interest only in a particular part of the common property.

10. ENGLISH STATUTES.  *None in force here.*

None of the English statutes are in force in this State.  *Sessions* v. *Reynolds*, 7 S. & M. 130; *Boarman* v. *Catlett*, 13 S. & M. 149, and *Jordan* v. *Roach*, 32 Miss. 616 cited.

APPEAL from the Chancery Court of Adams County.

Hon. RALPH NORTH, Chancellor.

*Carson & Shields*, for the appellants.

1. The case turns upon the power of the Chancery Court to order a partition between co-tenants in any other mode than the one prescribed by the statute. As the statute, which is the governing law, particularly points out the method, no other can be valid. The question involves the scope and construction of Code 1871, ch. 26, and the amendatory act of Feb. 25, 1875 (Acts 1875, p. 119). The mode of partition adopted in this case, being different from that prescribed by the statutes, was sought to be justified in virtue of the general powers of the Chancery Court conferred by the Constitution (Const., art. 6, § 16). But as partition is not mentioned in that grant of powers, it rests between the courts of law and equity to be legislated upon like any other matter of general interest.

2. By virtue of the American statutes, following 31 & 32 Henry VIII., courts of law and equity have equal jurisdiction over the subject of partition. Co-tenants may sever their joint ownership by deed, writ of partition, or bill in equity. But the jurisdiction in chancery is limited and transferable, and subject to statutory law. 4 Kent Com. 364, 365. In this State, the subject has been often regulated and modified by statute, and the only feature which has been always preserved is the allotment by ballot, to prevent the possibility of partiality on the part of commissioners. The act of 1822 (Hutch. Code, 611) was under the Constitution of 1817, art. 5, § 6,

and Code 1857, pp. 316, 319, under the Constitution of 1832, art. 4, § 16. The Constitution of 1869, art. 6 § 16 is the same. The validity of those statutes has been sanctioned, and it has never been claimed that under the jurisdiction granted by either of the two older Constitutions partition could be made in any way except as prescribed by the statutes. Exclusive jurisdiction over the subject of partition was, for the first time, conferred on the Chancery Court by Code 1871, ch. 26, which by virtue of the eighth section of the Code, became the consolidated law, repealing all others. The allotment plan, venerable in its statutory antiquity, is the *sine qua non* of a partition in kind under that Code. The constitutional grant to the Chancery Court of " full jurisdiction in all matters in equity " no more enables the court to make partition than the grant of like jurisdiction over " roads, ferries, and bridges " empowers the board of supervisors to contract for a bridge. In either case, the grant of power must be put into effect by statute which the respective tribunals must follow, or their action is void. *Supervisors* v. *Arrighi*, 54 Miss. 668.

3. If, however, the decree is based on the original jurisdiction of the court, the parties in this case can get no title to their respective shares, for some of them are infants. Partition, under that jurisdiction, proceeds upon conveyances to be executed by the respective parties ; and if, by reason of infancy, they are incompetent to convey, the decree can only give possession, reserving the minors' rights until they attain majority. 1 Story Eq. Jur. §§ 646, 652. The decree made is therefore void. The original jurisdiction is inadequate to this case, and the only remedy is to be found in the statutes. An allotment by ballot, under Code 1871, §§ 1823, 1824, is, in this case, impossible. Code 1871, § 1829, and Acts 1875, p. 119, provide that when a division in kind cannot be made, the land shall be sold. Before the passage of the statutes this court had pointed out a sale and division of the proceeds as the sole remedy in such cases. *Higginbottam* v. *Short*, 25 Miss. 160. The jurisdiction to order a sale extends to minors, and is ample for the purposes of the case at bar. *Wilson* v. *Duncan*, 44 Miss. 642 ; *Belew* v. *Jones*, 56 Miss. 342.

*M. Green*, for the appellees.

1. The vice of the argument for the appellants lies in the fact that this case is not covered by Code 1871, § 1809, *et seq.*, and Acts 1875, p. 119. Equity has original jurisdiction in matters of partition, independently of the statute. Hence, to show that the case is excepted from the statute is an answer to that argument. Code 1871, §§ 1809, 1811, gives to joint tenants, tenants in common, and coparceners the statutory remedy, and confers on the Chancery Court sole and exclusive jurisdiction, so as to preclude the writ of partition at law. Sect. 1815 provides that the general practice in chancery shall be the rule in partition cases; and the statute is the exception, clearly recognizing that the general jurisdiction exists and governs, except as modified. Sects. 1819, 1823, 1824, provide for a division into shares equal in value, which shall be allotted by ballot; from which it appears that the statutory method is applicable only where each person has an equal interest in the land. As that method was not intended to apply in cases where the shares are unequal, resort must be had to the original powers of the court.

2. It is fallacious to argue, that, because the land cannot be divided, a sale must be made. Sect. 1829 refers only to cases falling within the statutory proceeding, where in consequence of the nature and condition of the lands, and the number of shares into which they must be divided, it is impossible to make partition fairly and equally. But such is not the trouble here, and, in the absence of the conditions precedent, no sale can be ordered. The only effect of Acts 1875, p. 119, is to give the court power, under the conditions named, to order a sale without reference to commissioners, if the court shall be of opinion that a sale would best promote the interests of all. In partitions in chancery, the decree regulates all subsequent proceedings, and, as in this case, prescribes how the allotment shall be made. 2 Dan. Ch. Prac. 1158. The statutory method, even if applicable to this case, is merely cumulative. *Patton* v. *Wagner*, 19 Ark. 233; *Spitts* v. *Wells*, 18 Mo. 468; *Whitten* v. *Whitten*, 36 N. H. 326.

GEORGE, C. J., delivered the opinion of the court.

The three complainants purchased, in Sept. 1879, from one

Dyas, fifteen hundred and ninety-one and one-half twenty-five hundredths undivided interest in the Deer Park plantation, situated in Adams County. The remainder of the tract belonged to the six heirs of Wilmer Shields, subject, however, to the right of the widow of Shields to dower. The heirs of Shields are all minors. The several interests of the parties are therefore as follows: Each of the complainants is entitled to one third of fifteen hundred and ninety-one and one-half twenty-five hundredths of the land, and each of the heirs to one sixth of nine hundred and eight and one-half twenty-five hundredths of the same, subject, however, to the widow's dower. The tract of land is supposed to contain about twenty-five hundred acres. A division of the land, upon the supposition that each party got property of average value, would result in giving to the complainants each about five hundred and thirty acres, and to each heir of Shields about one hundred and fifty-one acres. The complainants filed this bill in October, 1879, for partition. In the bill they set out the inequalities of the several shares, and insist that no division can be made under the statute. They, however, ask for partition, if it can be made, and, if it cannot, they ask for a sale of the land, and a division of the proceeds. The widow answered, resisting a sale, and stating that a partition could easily be made into two parts, so as to give the complainants their interest jointly as they purchased from Dyas, and the heirs of Shields their interest also jointly. She insisted also that such a partition would be beneficial to the heirs, and a sale would be prejudicial to them. The guardian *ad litem* for the infants made the usual formal answer. The deposition of a witness was taken on behalf of the complainants, which stated, what was quite evident without proof, that the land could not be divided among the several parties interested in the mode pointed out by the statute, since the shares of the several owners were unequal. The case was set down for hearing, and the Chancellor decreed that commissioners be appointed, who should set off to the complainants *in solido* fifteen hundred and ninety-one and one-half twenty-five hundredths of the land, and the remainder to the heirs of Shields. From this decree the complainants appealed.

The complainants in their bill, and in their arguments here,

proceed on the idea that the mode pointed out in the Code of 1871, ch. 26, for the partition of estates held by co-tenants is exclusive; and that when partition cannot be made in that particular way, no partition in kind can be made at all, and the land must necessarily be sold and. the proceeds divided. We do not consider this view correct. The statute provides for a partition by allotment through ballots, and manifestly this mode can be adopted only when the shares of the co-tenants are equal. If it be held that this mode is the only one that a court of equity may pursue in making partition, it would be to deny the right of partition in kind at all, except in cases where the co-tenants'. shares are equal. This construction would also prevent the court from providing for well recognized rights of the several tenants in making partition. For instance, it is well settled that if one tenant has made improvements on the common property, he is entitled to compensation for them, either in money, or, as is most usually done, by causing the part improved to be set off to the improver, if it can be done without injury to the co-tenants. So it is also settled, that, when one or more of the co-tenants have aliened, so as to give the alienee an interest only in a particular part of the common property, a partition will be ordered, so as to protect the right of such alienee if practicable and consistent with the rights of the others. The statute also provides only for a partition allotting the separate share of each one of a number of co-tenants, although only one may ask for partition, and the others may prefer to hold their property in common, as, in many cases, it would be for their interest to do.

The error in the position of the complainants has its foundation in the supposition that the jurisdiction of the Chancery Court in partition proceedings rests solely upon the statute. This jurisdiction is very ancient in courts of equity, antedating the reign of Elizabeth, and is now, and has been for a long time, one of their most useful and salutary powers. 1 Story Eq. Jur. § 646, *et seq.* ; Freeman on Cotenancy and Partition, § 420, *et seq.* At common law, courts of law had no jurisdiction to order partition, except among coparceners. Joint tenants and tenants in common were without remedy in this

respect. And the rule was held so strictly that partition was denied to the alienee of a coparcener against the other coparceners, though it was granted at the instance of a coparcener against the alienee. The remedy in courts of law was extended to other cases than coparceners by statute. It is settled that none of the English statutes are in force in this State. *Sessions* v. *Reynolds*, 7 S. & M. 130; *Boarman* v. *Catlett*, 13 S. & M. 149; *Jordan* v. *Roach*, 32 Miss. 616. The statute under consideration vests the exclusive jurisdiction in partition proceedings in the Chancery Court. If this statute is constitutional, in divesting the common-law courts of a recognized power, then, if it is also exclusive as to the mode pointed out in the statute, it would follow that no partition could be made, except when the shares are equal. And if, notwithstanding the statute, the common-law courts retain their ancient common-law power to make partition, then there would be no remedy for a partition, when the shares are unequal, except only in cases where the co-tenants were coparceners. It is not to be presumed that the legislature intended such a result. The right of a co-tenant to have his share ascertained and set apart to his separate use is said to be absolute, to be recognized and enforced by the courts under all circumstances, however inconvenient and injurious its exercise may be to the others interested. Freeman on Cotenancy and Partition, § 539.

We cannot suppose that the legislature intended to limit this right to cases where the interests of the tenants were equal, and in all other cases to compel the parties to submit to a sale in order that there might be a division of the proceeds. At common law, and by the general principles of equity jurisprudence, there was no power to make a sale for partition. The power to order a sale is purely statutory, and can only be exercised in the cases provided by statute. Sect. 1829 of the Code only authorizes a sale when from " the nature and condition of the lands, and the number " [not the inequality] " of shares into which they must be divided, it is impossible to make partition thereof fairly and equally without impairing the value of the property." This is the language of the statute. It does not provide, as contended by the appellants, that a sale shall be made in all cases where the

shares are unequal, and in all cases where the particular mode pointed out by the statute in which the proceedings shall be carried on cannot for any reason be adopted. So, if the appellant's position, that the statutory mode is exclusive, is correct, it would follow that there could be no partition except when the shares were equal, and no sale except when the shares being equal, a fair division could not be made.

But it is said the decree is erroneous in ordering a division to be made into two tracts, — one for the complainants, and one for the heirs of Shields. As to the latter, they make no complaint of the decree. They are minors, and incapable of making an election as to whether they would have partition among them of the share allotted to them jointly. They had not asked for partition either by themselves or guardian. The court found as a fact, that it would be for their interest in this proceeding to have their share set off *in solido* as against the share of the complainants. This appears also to have been a wise and proper decision for them and their mother, who had a right of dower in their interest. It would be more convenient and useful that this dower should be taken from the whole tract thus set over to the heirs, so as to be in one body. As to the complainants, if we are to regard them, as we think we must under the bill, as asking for a separation of the several interests, they have the right to have the partition, and the decree is a proper step in that direction. After their joint share shall be set apart, and the division confirmed by the court, it will be proper, on the motion of either or all of them, to appoint new commissioners to make partition of their common share among the separate owners; and when this is done, as their shares will be equal, it will be proper that the allotment shall be by ballot.

We announce, as the true rule on the matters in controversy here, that the jurisdiction of the Chancery Court to make partition, in all cases of a co-tenancy, results from its original powers, and is not derived from or dependent on the statute; that the provisions of the Code regulating the proceedings in partition are applicable only to cases where the shares of the co-tenants are equal, and where, also, no equitable circumstance exists which would require, in order to secure a right

recognized by courts of equity in any one interested in the common property, that a different mode of partition shall be adopted; that the complainants' right to have their shares set off is absolute, but that this right does not carry with it the power to force a separation of the interests of others who are willing to hold the property in common between themselves. It is also true, that, when there are several claiming under a common source, whose separate interests among themselves are equal, but unequal as compared with the other co-tenants, the court may, in making partition, have their interests set off together in the first instance, and then proceed to have a partition of this common interest among them by allotment by ballot, as required by the statute; that the statutory mode of allotment by ballot is to be pursued in all cases where it is applicable, but is not exclusive, and may be departed from whenever necessary.

*Decree affirmed and cause remanded.*